UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| UNITED STATES OF AMERICA, | Case No. 10-CR-0292 (PJS/JSM) |
| | 12-CV-1640 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| LA'SHAWN KENYATTA NICKS-BEY, | |
| Defendant. | |

---

La'Shawn Kenyatta Nicks-Bey, pro se

Defendant La'Shawn Kenyatta Nicks-Bey pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to 84 months' imprisonment and 3 years of supervised release. Nicks-Bey did not appeal his sentence.

This matter is before the Court on Nicks-Bey's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Nicks-Bey seeks relief on two primary grounds.

First, Nicks-Bey contends that his Fifth Amendment rights were violated when police officers failed to inform him of his *Miranda* rights before interrogating him. Nicks-Bey maintains that, "under pressure and duress," he made incriminating statements to the officers. *See* ECF No. 77 at 4. If these allegations are true, then Nicks-Bey could have filed a pretrial motion seeking suppression of the unlawfully obtained statements. *See Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966); *United States v. Perrin*, 659 F.3d 718, 719 (8th Cir. 2011). But Nicks-Bey waived his right to file such a motion and to seek suppression of the statements when he pleaded guilty.[1] "It is a well-established legal principle that a valid plea of guilty is an admission

---

[1] At the change-of-plea hearing on March 7, 2011, both the undersigned and the
(continued...)

of guilt that waives all nonjurisdictional defects and defenses." *United States v. Smith*, 422 F.3d 715, 724 (8th Cir. 2005); *see also O'Leary v. United States*, 856 F.2d 1142, 1143 (8th Cir. 1988) ("In pleading guilty, a defendant admits all of the factual allegations made in the indictment . . . [and] waives all challenges that do not relate to jurisdiction.").

A jurisdictional defect exists when the indictment, on its face, fails to state an offense. *See O'Leary*, 856 F.2d at 1143. There are no jurisdictional defects here, as the indictment properly charged Nicks-Bey with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Nicks-Bey pleaded guilty to violating this provision by unlawfully possessing two firearms. Thus, Nicks-Bey waived his right to seek suppression of the statements that he gave to the police.

Second, Nicks-Bey contends that his counsel was constitutionally ineffective for allowing him to plead guilty to 18 U.S.C. § 924(a)(2). Nicks-Bey appears to believe that he is innocent of § 924(a)(2) because he "didn't bran[d]ish, fire, or use an[y] weapon in any crime of violence and there is no drug trafficking crime." ECF No. 77 at 7. Nicks-Bey is confused about the law.

Nicks-Bey was convicted of violating 18 U.S.C. § 922(g)(1). Section 922(g)(1) is a substantive provision — that is, it makes certain conduct a crime. Specifically, § 922(g)(1) makes it a crime for someone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. The government need not

---

[1](...continued)
prosecutor specifically warned Nicks-Bey that, if he pleaded guilty, he would be giving up his right to make pretrial motions, including motions to suppress evidence on the grounds that the evidence was obtained in violation of his constitutional rights. Nicks-Bey assured the Court that he understood these warnings — that is, that he understood that, if he pleaded guilty, he would not be able to pursue precisely the remedy that he is now trying to pursue.

prove that the defendant brandished, fired, or used a firearm *at all* — much less that the defendant did so in connection with a crime involving violence or drug trafficking — in order to convict the defendant of violating § 922(g)(1). The government need only prove that the defendant knowingly *possessed* a firearm. *See United States v. Garrett*, 648 F.3d 618, 622 (8th Cir. 2011). There is no doubt that Nicks-Bey knowingly possessed two firearms.

Section 924(a)(2) is not a substantive provision of law — that is, it does not make any conduct a crime. Rather, it sets forth the penalty that applies to someone who violates § 922(g)(1). Specifically, it provides that someone who violates § 922(g)(1) "shall be fined as provided in this title, imprisoned not more than 10 years, or both." Whether or not a defendant convicted of violating § 922(g)(1) brandished, fired, or used a firearm — and whether or not that person did so in connection with a crime involving violence or drug trafficking — is irrelevant under § 924(a)(2). It makes no difference whether the defendant violated § 922(g)(1) by merely possessing a firearm or, for example, by firing the gun during a drug-trafficking offense. The penalty prescribed by § 924(a)(2) remains the same.

Nicks-Bey seems to be confusing § 924(a)(2) with § 924(c)(1)(A), which prescribes a five-year mandatory-minimum sentence for a defendant who possesses, uses, or carries a firearm in connection with a crime of violence or a drug-trafficking crime — and increases that mandatory-minimum sentence to seven years if the firearm is brandished and to ten years if the firearm is discharged. But Nicks-Bey was not sentenced under § 924(c)(1)(A). The government never alleged — and the Court never found — that any of these mandatory-minimum sentences applied to him.

Obviously, then, Nicks-Bey's counsel was not ineffective for allowing Nicks-Bey to

plead guilty to violating § 922(g)(1) and to be sentenced under § 924(a)(2). Even if the facts are exactly as Nicks-Bey says — that is, even if Nicks-Bey "didn't bran[d]ish, fire, or use an[y] weapon in any crime of violence and there is no drug trafficking crime," ECF No. 77 at 7 — Nicks-Bey was still guilty of violating § 922(g)(1) and was still subject to the penalty prescribed in § 924(a)(2).

Accordingly, Nicks-Bey's motion is denied. No evidentiary hearing is necessary because the motion and the files and records of this case conclusively show that Nicks-Bey is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence [ECF No. 77] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 17, 2012     s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge